## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| COLIN LUDLOW MASSIAS | CIVIL ACTION NO. 2:11-cv-769 |
| BOP #91752-071 | |
| VS. | SECTION P |
| | JUDGE MINALDI |
| J.P. YOUNG, ET AL | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed in *forma pauperis* by plaintiff Colin Ludlow Massias on May 10, 2011.  Doc. 1.  Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Correctional Institute, Oakdale (FCIO), Louisiana, and complains of events that occurred when he was incarcerated at that facility.  More specifically, plaintiff complains that he has been denied placement in a halfway house, a prison camp, and/or a drug program because he is subject to an immigration detainer.  He names the following as defendants herein: FCIO Warden J.P. Young, FCIO Assistant Case Manager R. Martin, and the Federal Bureau of Prisons.[2]

---

[1] Althought plaintiff filed this civil rights action pursuant to 42 U.S.C.§ 1983, this matter properly arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983.  It is assumed that all of the defendants are agents or employees of the federal government.

[2] Plaintiff's claims against the BOP are barred by the doctrine of sovereign immunity.  While plaintiff may bring a *Bivens* action against individual federal officials for alleged constitutional violations, he may not bring such an action against the United States or its agencies.  *See Gibson v. Fed. Bureau of Prisons*, 121 Fed.Appx. 549, 551 (5th Cir. 2004).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff is a citizen of Jamaica but states that he has legal permanent resident status. Doc. 1, p. 5.  He claims that in February 2011, defendant Martin told him that he was not eligible for a camp or drug program placement because he had an immigration detainer placed on him. Doc. 1, p. 6.  Plaintiff claims that his legal resident status gives him an equal right to such placement and that he is being discriminated against and treated unfairly.  Doc. 1, p. 7.

On March 1, 2011, plaintiff filed a request for administrative remedy (ARP) BP-9 form based on defendant Martin's statements.  Doc. 1, p. 7.  Plaintiff attached a copy of the immigration detainer to the ARP, noting that the detainer clearly states that it is for notification purposes only and that it does not limit the warden's discretion in any decision affecting plaintiff's classification, work, and quarters assignment or other treatment which he would otherwise receive.  Doc. 1, p. 8.  The warden responded to plaintiff's BP-9 on March 18, 2011, and stated

> [i]n accordance with Program Statement 5100.08, Inmate Security Designation and Custody Classification, you are not eligible for placement in a Camp, a Drug Education Program or a Residential Re-Entry Program due to your classification as a detainee with a detainer by Immigration and Customs Enforcement.  You have been identified as a citizen of Jamaica and not a citizen of the United States. Therefore, you are not being treated unfairly or being discriminated against by the Federal Bureau of Prisons.

Doc. 1, Att. 2, p. 5.  Plaintiff's request for administrative remedy was denied.

Thereafter, on March 28, 2011, plaintiff filed a BP-10 to the regional director explaining that he was being discriminated against as he was being denied the equal right to participate in the BOP's drug and camp placement program.  Doc. 1, p. 10.  Plaintiff states that he did not get a

response to his BP-10, and thus filed the instant complaint.  Doc. 1, p. 11.

As relief for the above, plaintiff asks for a jury trial and for monetary damages against the defendants.  Doc. 1, p. 14.

## LAW AND ANALYSIS

### 1.  Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

## 2.  BOP Policy

The substance of plaintiff's claims is that his equal protection rights are being violated because his status as a deportable alien requires him to serve a harsher sentence than a United States citizen as that status makes him ineligible to participate in the BOP drug treatment program and is ineligible for a halfway house placement.

Determination of eligibility for any BOP program (and any resulting reduction in sentence) is within the discretion of the BOP.  *See* 18 U.S.C. § 3621(e)(2)(B).  Section 3621(e)(2)(B) grants the Bureau of Prisons the discretion to determine which inmates receive the benefit of early release.  *Lopez v. Davis*, 531 U.S. 230 (2001).  Similarly, it is the BOP that decides where to place inmates and whether placement in a halfway house is appropriate, and the BOP that implements policies governing prison employment.

The BOP policies on drug treatment program and community-based placement being unavailable to INS detainees or deportable aliens have withstood similar "unequal treatment" challenges.  *See* 28 C.F.R. § 550.58; *see also* e.g., *McLean v. Crabtree*, 173 F.3d 1176, 118-85, (9th Cir. 1999); *Bazuaye v. Tombone*, 275 F.3d 44, 2001 WL 1223857 (5th Cir. 2001) (rejecting equal protection claims and due process claims of INS detainee who was ineligible for sentence reduction for drug treatment and ineligible for community-based placement); *Perez-Martinez v. United States*, 235 Fed. Appx. 228, 229 (5th Cir. 2007) (similar equal protection claim failed because petitioner did not show that he was being treated differently than similarly situated persons or that the restrictions on INS detainees' participation in the drug-treatment program are irrational) (citing *Rublee v. Fleming*, 160 F.3d 213, 214-217 (5th Cir. 1998)) (flight risk is rational basis for ineligibility for community-based programs).

For the reasons stated above, plaintiff's complaint should be dismissed as frivolous and

4

for failure to state a claim upon which relief may be granted.

Therefore, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglas v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 26th day of September, 2011.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE